UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| Eugene Gee Gary, # 231045, | ) C/A No. 8:12-2915-MBS-JDA |
|---|---|
| Plaintiff, | ) |
| vs. | ) REPORT AND RECOMMENDATION |
| South Carolina Depart of Corrections, | ) |
| Defendant. | ) |

This is a civil action filed *pro se* by a state prison inmate. Pursuant to 28 U.S.C. §636(b)(1), and District of South Carolina Local Civil Rule 73.02(B)(2)(e), this magistrate judge is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the District Court. *See* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

## BACKGROUND

Plaintiff is an inmate at Lieber Correctional Institution, and he alleges that he was forced to live in a "holding cell" without running water or working toilet for six days. He claims that he was subjected to cruel and unusual punishment and inhumane conditions during that time period. He seeks damages in the amount of $ 12, 000.00 total ($ 2000/day) from the only Defendant named in the Complaint: South Carolina Department of Corrections (SCDC).

## INITIAL REVIEW

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's *pro se* Complaint filed in this case. This review has been

conducted pursuant to the procedural provisions of 28 U.S.C. § § 1915, 1915A, and the Prison Litigation Reform Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden*, *Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89 (2007). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *De'Lonta v. Angelone*, 330 F. 3d 630, 630n.1 (4th Cir. 2003). Nevertheless, the requirement of liberal construction does not mean that this court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990). However, even under this less stringent standard, the Complaint filed in this case is subject to summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B).

## **DISCUSSION**

Defendant SCDC is immune from Plaintiff's claims in this case because the Eleventh Amendment to the United States Constitution divests this Court of jurisdiction to entertain a suit for damages brought against the State of South Carolina or its integral parts. SCDC, as a South Carolina state agency, is an integral part of the state

and, thus, entitled to Eleventh Amendment immunity in this case. As a result, because the only Defendant in this case is SCDC, this case is subject to summary dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B). The Eleventh Amendment provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

See Alden v. Maine, 527 U.S. 706 (1999); College Savs. Bank v. Florida Prepaid Educ. Expense Bd., 527 U.S. 666 (1999); College Savs. Bank v. Florida Prepaid Educ. Expense Bd., 527 U.S. 627 (1999); Bellamy v. Borders, 727 F. Supp. 247, 248-50 (D.S.C. 1989); see also Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89 (1984).

Under *Pennhurst*, 465 U.S. at 99n. 9, a state must expressly consent to suit in a federal district court. The state of South Carolina has not consented to suit in a federal court. Section 15-78-20(e) of the South Carolina Code of Laws (Cum. Supp. 1993), is a statute in the South Carolina Tort Claims Act which expressly provides that the state of South Carolina does not waive Eleventh Amendment immunity, consents to suit only in a court of the state of South Carolina, and does not consent to suit in a federal court or in a court of another state. *See McCall v. Batson*, 285 S.C. 243, 329 S.E.2d 741, 743 (1985)(Opinion abolishing sovereign immunity in tort "does not abolish the immunity which applies to all legislative, judicial and executive bodies and to public officials who are vested with discretionary authority, for actions taken in their official capacities."). C*f*. *Pennhurst*, 465 U.S. at 121 ("[N]either pendent jurisdiction nor any other basis of

3

jurisdiction may override the Eleventh Amendment.").

## **RECOMMENDATION**

Accordingly, because the only named Defendant is immune from the relief requested, it is recommended that the District Court dismiss the Complaint in this case *without prejudice*. *See Denton v. Hernandez*; *Neitzke v. Williams*; *Haines v. Kerner*; *Brown v. Briscoe*, 998 F.2d 201, 202-04 (4th Cir. 1993); *Boyce v. Alizaduh; Todd v. Baskerville*, 712 F.2d at 74; *see also* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

Plaintiff's attention is directed to the important notice on the next page.

s/Jacquelyn D. Austin  
United States Magistrate Judge

October 23, 2012  
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see*  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk
United States District Court
300 E. Washington Street, Rm. 239
Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).